IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES N. BROWN,

          Plaintiff,

    v.

DR. CARNEVALE; PRISON HEALTH SERVICES;
DAVID NOWACK; DR. JAY KRAVITS;
WASHINGTON COUNTY; OFFICER WHITE;
OFFICER DOE (officer on duty 10/31/05
Pod 3); NURSE DOE (nurse on duty
10/21/05 Health Services); and
WASHINGTON COUNTY SHERIFF,

          Defendants.

Civil No. 06-1238-BR

OPINION AND ORDER

        CHARLES N. BROWN
        SID #4174405
        Snake River Correctional Institution
        777 Stanton
        Ontario, OR  97914

            Plaintiff *Pro Se*

        WILLIAM G. BLAIR
        Senior Assistant County Counsel
        155 N. First Ave., Suite 340-MS 24
        Hillsboro, OR  97124-3072

            Attorney for Defendant Kravits

1 - OPINION AND ORDER -

**MICHAEL T. STONE**
**JAMES M. DAIGLE**
Brisbee & Stockton, LLC
139 N.E. Lincoln Street
P.O. Box 567
Hillsboro, OR  97123

      Attorney for Defendants Prison
      Health Services, Dr. Carnevale,
      David Nowack, and Nurse Doe

**BROWN, Judge.**

Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action *pro se*. Currently before the Court are Defendant Kravitz' Motion to Dismiss (#10) and Defendant Prison Health Services' Motion to Dismiss (#19). For the reasons that follow, the Court **GRANTS** both motions, and DISMISSES Plaintiff's Complaint against Defendants Kravitz and Prison Health Services.

<u>**BACKGROUND**</u>

Plaintiff alleges he was assaulted by another inmate on or about October 31, 2004 while he was incarcerated as a pretrial inmate at the Washington County Jail. As a result of the attack, Plaintiff alleges he suffered a broken jaw which later required surgical care.

Plaintiff alleges medical staff members at the Jail violated his right to be free from cruel and unusual punishment by their deliberate indifference to his serious medical needs. Plaintiff

identifies Defendant Kravitz as the Washington County Health Officer.  Plaintiff refers to Defendant Prison Health Services as the employer of Defendants Carnevale and Nowack.  Other than these identifying facts, Plaintiff makes no further allegations concerning Kravitz or Prison Health Services.

## LEGAL STANDARDS

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

(B)  the action . . .

(I)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations

of material fact as true and construes the allegations in the light most favorable to the nonmoving party. *Tanner*, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. *McGuckin*, 974 F.2d at 1055; *Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person

acting under color of state law. *L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993); *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989), *cert. denied*, 493 U.S. 1056 (1990).

"Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Arnold v. Int'l. Business Machines, Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Liability may also be imposed if the defendant sets into "'motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" *Gini v. Las Vegas Metropolitan Police Dept.*, 40 F.3d 1041, 1044 (9th Cir. 1994) (quoting *Merritt v. Mackey*, 827 F.2d 1368, 1371 (9th Cir. 1987)).

"'A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991), *cert. denied*, 502 U.S. 1074 (1992) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987)); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991); *Taylor*, 880 F.2d at 1045. However, it is well established that § 1983 does not impose liability upon

persons for the acts of their subordinates under a *respondeat superior* theory of liability." *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 691-94 (1978); *Taylor*, 880 F.2d at 1045.

Plaintiff does not allege any facts upon which a claim for relief may be based against either Defendant Kravitz or Defendant Prison Health Services. Accordingly, Plaintiff's Complaint is dismissed as to these Defendants.

Due to his *pro se* status, Plaintiff shall have leave to file an amended complaint within 30 days of the date of this order curing the deficiencies noted above. Plaintiff is advised that his amended complaint must specifically include (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights, (2) the dates on which the conduct allegedly took place, and (3) the specific conduct Plaintiff alleges is unconstitutional. Plaintiff is advised that the amended complaint will operate as a complete substitute for the present complaint, not as a supplement. Plaintiff is further advised that if he fails to file an amended complaint as ordered, his claims against Defendants Kravitz and Prison Health Services shall be dismissed, and this action shall proceed solely on Plaintiff's claims against the remaining Defendants.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant Kravitz' Motion to Dismiss (#10) and Defendant Prison Health Systems' Motion to Dismiss (#19), and **DISMISSES** Plaintiff's Complaint against these Defendants without prejudice.  Plaintiff shall have 30 days from the date of this order to file an amended complaint.

IT IS SO ORDERED.

DATED this 9th  day of July, 2007.


  /s/ Anna J. Brown   
ANNA J. BROWN
United States District Judge