**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**CHARLES N. BROWN,**

    **Plaintiff,**

    v.

**WASHINGTON COUNTY, OREGON; WASHINGTON COUNTY SHERIFF; BOB THEISSEN; SGT. DIAMOND; DEPUTY RYAN POPE; DEPUTY RICHARD LYONS; PRISON HEALTH SERVICES; NURSE JANE DOE; NURSE DAVID NOWACK; DR. CARNEVALE; and DR. JAY KRAVITZ,**

    **Defendants.**

Civil No. 06-1238-BR

OPINION AND ORDER

    **CHARLES N. BROWN**
    SID #4174405
    Snake River Correctional Institution
    777 Stanton Blvd.
    Ontario, OR  97914

        Plaintiff *Pro Se*

    **MICHAEL T. STONE**
    **JAMES M. DAIGLE**
    BRISBEE & STOCKTON LLC
    139 N.E. Lincoln Street
    P.O. Box 567
    Hillsboro, OR  97123

        Attorneys for Defendants Dr. Carnavale,
        David Nowack, and Nurse Doe

1 - OPINION AND ORDER -

**BROWN, Judge.**

Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the Court is Defendants Carnavale, Nowack and Doe's Motion to Dismiss (#29). For the reasons that follow, the Court **GRANTS** Defendants' motion and **DISMISSES** Plaintiff's claims against Defendants Carnavale, Nowack, and Doe.

## BACKGROUND

Plaintiff filed this civil rights action on August 28, 2006. The Court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and, on December 12, 2007, ordered the Clerk of the Court to issue process and the U.S. Marshal's Service to serve Summonses and Complaints on Defendants Prison Health Services, Carnavale, and Nowack. Process has not been issued for service on Defendant Doe, as Plaintiff has not provided her identity or location.

On February 9, 2007, the U.S. Marshal's Service filed a Process Receipt and Return (#15) indicating service was completed on Defendant Prison Health Services. The Summons and Complaint were served on "Darla Busch A.A.".

That date, the U.S. Marshal's Service also filed Process Receipt and Returns indicating service was *not* completed on

2 - OPINION AND ORDER -

Defendant Nowack (#16) or Defendant Carnavale (#17). As to Defendant Nowack, the return indicated he "[h]as not been employed with [Prison Health Services, Washington County] for 2 yrs is believe [sic] to be located in St. Croix." Defendant Carnavale's return stated he "[h]as not been employed with Wash Co for 1 year."

Defendants Carnavale, Nowack, and Doe now move for an order dismissing Plaintiff's claims against them for lack of personal jurisdiction on the basis that Plaintiff failed to serve them with a Summons and Complaint. Plaintiff argues these Defendants were adequately served by virtue of successful service on Defendant Prison Health Services or, alternatively, because Plaintiff provided the U.S. Marshal's Service with the name and address of an attorney identified as "Lawyer for Prison Health Services."

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal based on insufficient service of process. Federal Rule of Civil Procedure 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice as to that defendant ...; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

This Court does not have jurisdiction over a defendant unless he has been properly served pursuant to Rule 4. *See Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir. 1982).

Rule 4(e)(1) and (2) provide individuals within the Judicial District of the United States may be served either "pursuant to the law of the state in which the district court is located" or "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling ... with some person of suitable age ... then residing therein or by delivering a copy ... to an agent authorized by appointment or by law to receive service of process." Although "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint, ... without substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.,* 840 F.2d 685, 688 (9th Cir. 1988).

The U.S. Marshal's Service did not deliver the Summons and Complaint to Defendant Nowack or Carnavale personally. In addition, counsel for Defendants Nowack and Carnavale attests that counsel for Prison Health Services was not asked to, nor did they otherwise agree to, accept service on behalf of any of the

defendants. Accordingly, Plaintiff did not serve Defendants Nowack and Carnavale properly under Rule 4(e)(2).

Rule 4(e)(1) allows service by any method allowed under Oregon law, the state in which this Court is located. Oregon law allows service on individual defendants by personal service or by substituted service as prescribed in the Oregon Rules of Civil Procedure. Or. R. Civ. P. 7D(3)(a)(I).

Oregon law allows substituted service to be made in one of three ways: (1) by delivering a copy of the complaint to the home of the person to be served and leaving it with a resident of the home over 14 years of age provided plaintiff "as soon as reasonably possible" after making service mails a copy of the summons and complaint to defendant at his home; (2) by leaving a copy of the complaint and summons at the defendant's office during normal working hours "with the person who is apparently in charge" provided plaintiff then mails a copy of the summons and complaint to defendant's home or office; or (3) by mailing a copy of the summons and complaint to defendant by first class mail and by certified, registered, or express mail provided defendant signs a receipt for the certified, registered, or express mail. Or. R. Civ. P. 7D(2)(b), (c), (d)(I), and D(3)(a)(I).

As noted, the U.S. Marshal's Service did not deliver copies of the Summons and Complaint to Defendant Nowack or Carnavale's home, and since both Defendants were no longer employed at Prison

5 - OPINION AND ORDER -

Health Services, the Summons and Complaint were not delivered to their office. Nor did Plaintiff mail a copy of the Summons and Complaint to Defendant Nowack or Carnavale's home or office. The Court, therefore, concludes Plaintiff did not properly serve Defendant Nowack or Carnavale in a manner specifically allowed under Oregon Rule of Civil Procedure 7D(2) or (3).

Oregon Rule of Civil Procedure 7D(1) also allows service "in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." Here Plaintiff did not serve Nowack or Carnavale personally, did not serve an agent of Nowack or Carnavale, and did not follow the attempted office service with service by mail. Plaintiff, therefore, did not effect service under any means allowed under Oregon law. The Court, therefore, finds under the circumstances that the attempted service was not reasonably calculated to apprise Nowack and Carnavale of the existence and pendency of this action. Thus, the Court concludes Plaintiff did not serve Nowack or Carnavale properly under Oregon Rule of Civil Procedure 7D(1).

Finally, under Oregon Rule 7D (6)(a), when service "cannot be made by any method otherwise specified," the Court, "at its discretion, may order service by any method or combination of methods which under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency

6 - OPINION AND ORDER -

of the action." Here, Plaintiff makes no showing of attempts to locate alternate addresses for Defendant Nowack or Carnavale, or any attempt identify or locate Defendant Jane Doe. In the absence of any such evidence the Court does not conclude service "cannot be made by any method otherwise specified," and declines to order alternative service methods. *Cf. Hummasti v. Ali*, 2007 WL 2572168 *4 (D. Or., Aug. 30, 2007) (where plaintiff attempted to compel production of individual defendant's address from county, and individual was no longer employed by county but was sued for actions committed "under color of state law" while so employed, Court ordered alternative service method).

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants Carnavale, Nowack, and Doe's Motion to Dismiss (#29). Plaintiff's claims against these Defendants are hereby **DISMISSED**, without prejudice.

IT IS SO ORDERED.

DATED this ___9th___ day of November, 2007.

                                  /s/ Anna J. Brown
                                  ANNA J. BROWN
                                  United States District Judge